UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL AZCONA, | 24-CV-2481 (LTS) |
| Plaintiff, | TRANSFER ORDER |
| -against- | |
| CAMDEN COUNTY DRUG COURT, *et al.*, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action, *pro se*, alleging violations of his rights by various New Jersey

Defendants, including the New Brunswick Police Department, the Camden County Drug Court,

"NJ DOC Staff Male Female," and the "Central Office NJDOC Su[p]press Witness."[1] For the

following reasons, the Court transfers this action to the United States District Court for the

District of New Jersey.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in

---

[1] Plaintiff brought an earlier action in the United States District Court for the District of
New Jersey when he was a detainee in Camden County Correctional Facility, which was
dismissed when he failed to provide a current address upon his release, and later reopened. *See
Azcona v. New Jersey*, No. 21-CV-17123 (RMB) (AMD) (D.N.J). He also brought two prior
actions in this court that were transferred to the United States District Court for the District of
New Jersey. *See Azcona v. New Jersey*, No. 24-CV-0568 (LTS) (S.D.N.Y. Jan. 26, 2024); *Azcona
v. NJ DOC Staff*, No. 23-CV-8369 (LTS) (S.D.N.Y. Sept. 22, 2023).

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's complaint is nearly illegible, and it is difficult to determine the nature of his claims or what took place. Most of the defendants are New Jersey entities (the New Brunswick Police Department, the Camden County Drug Court, and "NJ DOC Staff"), although Plaintiff also sues the Federal Bureau of Investigation, United States District Judges, and New York State. Because not all of the defendants are residents of New York, venue is not proper in this district under Section 1391(b)(1).

It is unclear whether any substantial part of the events giving rise to Plaintiff's claims took place in this district. Plaintiff indicates that he is homeless and does not provide any address of record; his last known address was in New Jersey.[2] In the complaint, Plaintiff indicates that he fears returning to New Jersey and refers to an incident at the Camden County Drug Court. (*See* ECF 1, at 3) ("Camden County Drug Court conspiracy of kidnapping hostage by force diminished for life a threat to my life . . . a murder while incarcerated."). Plaintiff does mention in passing an event that occurred on a subway, but it is not clear which subway or that he brings any claim arising from events in New York. It therefore is not clear that venue lies in this district under Section 1391(b)(2).

---

[2] In the case under docket number 23-CV-8369 (LTS), Plaintiff provided the following address: 525 Market Street, Camden, NJ 08101.

2

Venue under Section 1391(b)(2) does lie in the United States District Court for the District of New Jersey, because a substantial part of Plaintiff's claims appear to have arisen in that district. Moreover, most defendants are located in New Jersey, and Plaintiff's last known address is in New Jersey. In the interest of justice, transfer to the United States District Court for the District of New Jersey appears to be appropriate in this case. 28 U.S.C. §§ 1404, 1406.

## WARNING

As noted above, Plaintiff previously filed two other actions that the Court transferred to the District of New Jersey. *See Azcona v. New Jersey*, No. 24-CV-0568 (LTS) (S.D.N.Y. Jan. 26, 2024); *Azcona v. NJ DOC Staff*, No. 23-CV-8369 (LTS) (S.D.N.Y. Sept. 22, 2023). In light of this litigation history, the Court finds that Plaintiff was or should have been aware that this District is not a proper venue for his claims. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, Plaintiff is warned that further litigation in this court, concerning events that occurred outside of this District, may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission.[3] *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. §§ 1404, 1406. The Clerk of Court is further directed to mail a copy of this order to Plaintiff at his last known address: 525 Market Street, Camden, NJ

---

[3] The counties within the Southern District of New York include: Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester. *See* 28 U.S.C. § 112.

08101. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[4] A summons shall not issue from this Court.

Plaintiff is warned that further litigation in this court, concerning events that occurred outside of this District, may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[4] The Court leaves to the transferee court a decision on Plaintiff's *in forma pauperis* application.

4